SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ                                              1 The Circle, Suite 2
RESIDENT JUDGE                                              GEORGETOWN, DE 19947


May 19, 2022


James A. Biggins
SBI #319264
Unit W
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Re:   *State of Delaware v. James A. Biggins*
      Def. ID No. 9609015504
      Motion for Postconviction Relief
      Consolidated Motion for Discovery

Dear Mr. Biggins:

On April 6, 2021, you filed an appeal with the Delaware Supreme Court from an order of this Court which denied your motion to compel the production of a search warrant and other documents in this case. You sought the documents to support an ineffective assistance of counsel claim in a future motion for postconviction relief under Superior Court Criminal Rule 61. This Court held that you were prohibited from filing any matter without first obtaining written approval based on your history of filing numerous, meritless pleadings. The Delaware Supreme Court had

1

previously prohibited you from filing any further papers challenging your convictions in this case without a Justice's prior approval.[1]

On April 7, 2021, the Delaware Supreme Court issued a notice directing you to show cause why your appeal should not be dismissed based on its lack of jurisdiction under the Delaware Constitution to hear an interlocutory appeal in a criminal matter.[2] You responded to the notice, and on May 6, 2021, the Delaware Supreme Court held that, until you filed a motion for postconviction relief and this Court ruled on that motion, this Court's denial of your motion to compel was an interlocutory order not subject to review by the Delaware Supreme Court.[3] Your appeal was dismissed.

On May 11, 2022, you filed your Motion for Postconviction Relief and Consolidated Motion for Discovery (collectively, the "Rule 61 Motion"). Before addressing the merits of the Rule 61 Motion, I first examine the procedural bars of Superior Court Criminal Rule 61(i).[4] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[5] This is not your first Rule

---

1 *Biggins v. State*, 2011 WL 2731214, at *1 (Del. July 11, 2011).
2 Del. Const. art. IV, § 11(1)(b).
3 *Biggins v. State*, 252 A.3d 433 (Table) (Del. May 6, 2021, rehearing denied May 21, 2021).
4 *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990)).
5 *Bradley v. State*, 135 A.3d 748 (Del. 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

61 Motion. Under the Delaware Superior Court Rules of Criminal Procedure, second or subsequent motions for postconviction relief are not permitted unless, in your Rule 61 Motion, you plead with particularity new evidence creating a strong inference of your actual innocence or a new rule of constitutional law that applies retroactively to your case and renders your convictions invalid.[6] You plead neither of these in your Rule 61 Motion. Your Rule 61 Motion is procedurally barred.

Given that this Rule 61 Motion is procedurally barred, summary dismissal is appropriate.[7] For the reasons set forth above, I find that the Motion for Postconviction Relief must be **DENIED**.

        **IT IS SO ORDERED**.

Very truly yours,

/s/ Craig A. Karsnitz

cc:     Prothonotary

---

6 Super. Ct. Crim. R. 61(d)(2).
7 Super. Ct. Crim. R. 61(d)(5).

3